UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAURA A. CHAPPELLE,

      Plaintiff,

v.                                              Case No. 1:14-CV-1175

BAYBRIDGE CAPITAL ADVISORS,         HON. GORDON J. QUIST
LLC, BERKOWITZ DICK POLLARD
& BRANT, ADAM GREENBERG, and
MICHAEL LAPOINTE,

      Defendants.
_____/

## OPINION

Plaintiff, Laura A. Chappelle, filed the instant action in Ingham County Circuit Court, asserting claims for malicious prosecution and negligence. Defendants, Adam Greenberg and Michael Lapointe, removed the case to this Court on the grounds of diversity jurisdiction. Plaintiff moved to remand, arguing that this Court lacks jurisdiction because the amount-in-controversy requirement is not satisfied. Defendants dispute this, arguing that the damages alleged in the complaint likely exceed the amount-in-controversy requirement. For the foregoing reasons, the Court will grant Plaintiff's motion and remand to state court.

### *Legal Standard*

A defendant may remove a civil case brought in state court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases in which the parties have diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. A defendant that removes a case from state court based on diversity jurisdiction bears the burden of showing that the amount-in-controversy requirement is satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Ordinarily, the amount claimed by the plaintiff controls. *Id.* When a plaintiff seeks to recover an

unspecified amount, however, a Defendant must show that it is more likely than not that the amount-in-controversy requirement is satisfied. *Id.*

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Removal statutes are thus strictly construed to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

## *Discussion*

Plaintiff asserts that the amount in controversy is less than $75,000, and that the Court therefore lacks jurisdiction. Defendants respond that the amount-in-controversy exceeds $75,000 because Plaintiff seeks damages for loss of reputation, loss of potential clients, loss of income, and attorney fees incurred in the previous litigation, and that she also seeks treble damages.

The complaint does not specify the amount of damages sought. Rather, it states only that the "amount in controversy" exceeds $25,000—the jurisdictional threshold for filing suit in Michigan Circuit Court. (Dkt. #12.) Defendants appear to take this statement to mean that Plaintiff has claimed $25,000 in damages, and then treble damages on top of that amount. Defendants' argument is at odds with both the language of the complaint and Michigan law.

Michigan courts include treble damages in determining whether the amount-in-controversy requirement is satisfied. *See O'Berry v. Pitcairn Dev. LP*, No. 285919, 2009 WL 2913587 (Mich. Ct. App. Sept. 10, 2009) (per curiam); *Follmer, Rudzewicz & Co., P.C. v. Bolo*, No. 229610, 2002 WL 1375732, at *4 (Mich. Ct. App. June 25, 2002) (per curiam). Thus, a plaintiff may satisfy the amount-in-controversy requirement if his claim without treble damage is less than $25,000, so long

as the claim exceeds that amount once treble damages are included. *See Follmer*, 2002 WL 1375732, at *4 (finding that a claim for conversion of an $11,060 check exceeded the $25,000 jurisdictional threshold because it allowed for treble damages). Accordingly, Defendants cannot satisfy their burden merely by showing that Plaintiff asserted that the amount-in-controversy exceeded $25,000 while simultaneously seeking treble damages.

Defendants further argue that Plaintiff must be seeking more than $75,000 based on the nature of her claims and the possibility of treble damages.[1] However, Defendants have offered no evidence as to how much income Plaintiff lost, how her reputation was harmed, or how many clients she lost. *Cf. Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479-80 (6th Cir. 2014) (finding that the amount-in-controversy requirement was satisfied where defendant produced evidence of the plaintiff's lost wages). While it is possible that Plaintiff's claims exceed $75,000, Defendants have failed to set forth "specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Id.* at 478 (internal quotation marks omitted). Rather, Defendants' assertion that the claims must exceed $75,000 is based on pure speculation. Accordingly, Defendants have failed to demonstrate that it is "more likely than not" that the amount-in-controversy requirement is satisfied.

For the foregoing reasons, the Court concludes that Defendants have failed to sustain their burden of establishing subject matter jurisdiction. Therefore, the Court will grant Plaintiff's motion for remand.

An Order consistent with this Opinion will be entered.

Dated: March 19, 2015                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff seeks treble damages based on loss of income, loss of clients, and harm to reputation. She also seeks damages based on attorney fees incurred in the previous litigation, but does not request treble damages based on the attorney fees.

3